GERBER, J.
 

 The defendant appeals her conviction for first degree murder of one of two children under her care. The defendant raises two arguments, neither of which have merit. We choose to briefly address one of these arguments.
 

 The state charged the defendant for the murder of the older child. The defendant argues that the trial court erred by admitting evidence that she tricked her boyfriend into believing he was the younger child’s father. The defendant claims that this evidence was not admissible as being inextricably intertwined with the murder of the older child because it was neither relevant nor necessary to explain the crime. The defendant argues that this error was harmful and that she deserves a new trial.
 

 We agree with the defendant that the trial court erred by admitting the evidence. The evidence clearly was not relevant and was not inextricably intertwined with relevant evidence. However, we conclude that the error was harmless. The evidence was so clearly not relevant that we do not believe any reasonable juror would have considered that evidence to be even slightly significant to a determination of whether the defendant murdered the older child. Thus, there is no reasonable possibility that the error contributed to the conviction.
 
 See State v. DiGuilio, 491
 
 So.2d 1129, 1138 (Fla.1986) (“The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.”).
 

 Affirmed.
 

 CIKLIN and CONNER, JJ., concur.